UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| OMAR M. HASSAN, | ) | |
|---|---|---|
| | ) | Case No. 2:16-CV-313 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Clifton L. Corker |
| HAMBLEN CO. JAIL, | ) | |
| | ) | |
| *Defendant*. | ) | |

**MEMORANDUM & ORDER**

The Court is in receipt of an amended complaint under 42 U.S.C. § 1983 [Doc. 12], filed by pro se prisoner, Omar M. Hassan. The amended complaint was filed in response to the Court's December 29, 2016 Order identifying deficiencies in Plaintiff's original complaint. [Doc. 9; *see* Doc. 2]. Specifically, the Court noted that (1) Hamblen County Jail was not an entity subject to suit pursuant to § 1983, and (2) even if a proper municipal defendant had been pled, Plaintiff's complaint failed to state a claim for municipal liability under § 1983 as it did not contain any allegations regarding any municipal policies, customs, patterns, or practices that caused Plaintiff's allegedly unconstitutional harms. [Doc. 9]. Noting, however, that it was "conceivable that Plaintiff could cure any defects in the Complaint if given leave to amend," the Court granted Plaintiff an opportunity to file an amended complaint, to replace and supersede his original complaint, within twenty-one days. [*Id.*].

The amended complaint names as a Defendant Hamblen County, Tennessee, which is a governmental entity subject to suit pursuant to § 1983. [Doc. 12]. The factual allegations in the amended complaint, however, are sparse: Plaintiff alleges that he was denied his rights to kosher

food and to perform his daily Muslim prayers in a location other than his bunk bed. He states that he discussed the situation with a prison official, but it is unclear as to whether he utilized any formal grievance procedures and, if so, whether any review of his complaint(s) remains pending.[1] [*See id.*].

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.*, 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Jones v. Bock*, 549 U.S. 199, 213 (2007); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). Courts must liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *See, e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *but see Leeds v. City of Muldraugh*, 174 F. App'x 251, 255 (6th Cir. 2006) (noting that, despite the leniency afforded to *pro se* plaintiffs, the Court is "not require[d] to either guess the nature of or create a litigant's claim.").

The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007), "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). When reviewing a complaint for failure to state a claim under Rule 12(b)(6), the Court must take all of the factual allegations in the complaint as true. *Iqbal*, 556 U.S. at 678; *see Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010) ("A motion to dismiss for failure to state a

---

[1] Plaintiff responded "Yes" when asked if there was a prisoner grievance procedure at his place of incarceration and if he had presented the facts in his complaint in the prisoner grievance procedure. [Doc. 12 at 2]. His narrative, however, only states that he has spoken with one captain about his "situation," and when asked what steps he took during the grievance process, he simply stated "I grieved my right to pray and kosher food." [*Id.* at 2-3]. And in response to a question regarding the result of his grievance, he wrote "pending _ hiddin" [sic]. [*Id.* at 2].

claim [under Rule 12(b)(6)] is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations."). While "detailed factual allegations" are not required, a complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Therefore, to survive dismissal for failure to state a claim, plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (*citing Twombly*, 550 U.S. at 555).

Plaintiff has corrected one of the deficiencies detailed in the Court's prior order by naming Hamblen County, Tennessee, rather than the Hamblen County Jail, as the Defendant to this action. *See, e.g.*, *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint."); *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978). To succeed on a § 1983 claim against a municipal entity, such as Hamblen County, a plaintiff must establish that: (1) his harm was caused by a constitutional violation; and (2) the municipality itself was responsible for that violation, generally because of a policy, custom, pattern or practice of the municipal defendant that caused the Plaintiff's constitutional injury. *Spears v. Ruth*, 589 F.3d 249, 256 (6th Cir. 2009); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *see also Okolo v. Metro. Gov't of Nashville*, 892 F. Supp. 2d 931, 941 (M.D. Tenn. 2012); *Monell.*, 436 U.S. at 691 ("[A] municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory.").

Even affording his pleadings a liberal construction, and even assuming that Plaintiff could establish that he suffered a constitutional violation, the Court concludes that Plaintiff's amended complaint suffers from the same deficiency identified in his original complaint–that is, it does not contain any allegations regarding any policies, customs, patterns, or practices of Hamblen County that caused Plaintiff's alleged harms. Plaintiff alleges only that he discussed his situation with a single prison official; he does not provide any factual allegations regarding the County's written or unwritten policies or practices regarding kosher food and Muslim prayers in prison and how those policies or practices may be unconstitutional, either as written or as applied to him.[2] The Court cannot find, based on the scant factual allegations contained in the amended complaint, that Plaintiff has sufficiently pled a claim for municipal liability under § 1983. Thus, Plaintiff's amended complaint, like his original, does not state any claim for relief against Hamblen County that can survive the screening requirements of 28 U.S.C. § 1915. Accordingly, this action will be **DISMISSED** for failure to state a claim upon which relief may be granted under § 1983 pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A).

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED.**

> /s/ *Travis R. McDonough*
> **TRAVIS R. MCDONOUGH**
> **UNITED STATES DISTRICT JUDGE**

---

[2] Plaintiff's original complaint also contained little in the way of factual support, stating merely that he was a Muslim inmate and that he "can't do [his] prayers o[r] have access to kosher food." [Doc. 2]. He also alleged that officials at the Jail handed him a noose through his cell door and asked him to hang himself and that another inmate in his cell block actually did commit suicide shortly thereafter. [*Id*.]. Notably, Plaintiff's amended complaint contains no references to suggested or actual suicide or physical harm. [*See* Doc. 12].